IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Troy Eugene Barton,** ) | |
| ) | |
| Plaintiff, ) | **C/A No. 0:05-2323-CMC-BM** |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **Larry Powers,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 on August 26, 2005, claiming that he was denied proper medical treatment at the Spartanburg Detention Center in Spartanburg, South Carolina, where he was being detained. On February 13, 2006, Defendant Powers filed a motion for summary judgment. In accordance with this court's order of reference, 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), this matter was referred to United States Magistrate Judge Bristow Marchant for a Report and Recommendation.

Magistrate Judge Marchant entered a *Roseboro* order on February 14, 2006, advising Plaintiff of the importance of the motion for summary judgment and the necessity for him to file a response. Plaintiff did not file a response to the motion for summary judgment.[1] The Magistrate Judge filed his Report on March 24, 2006, and the matter is now ready for a ruling.[2]

This court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may

---

[1] The records reflects that the *Roseboro* order was returned by the U. S. Postal Service marked "return to sender–no longer at this institution–unable to forward."

[2] Plaintiff's copy of the Report and Recommendation was returned by the U. S. Postal Service marked "undeliverable" on April 4, 2006. On April 19, 2006, the Clerk of Court received a notice from Plaintiff of his change of address. The court directed the Clerk of Court to mail another copy of the Report and Recommendation to Plaintiff at the new address. The time for filing objections was extended accordingly.

accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Based on his review of the record, the Magistrate Judge has recommended that this action be dismissed with prejudice in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired.

After reviewing the Complaint, the motion, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.

**IT IS HEREBY ORDERED** that this action is DISMISSED *with prejudice* for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

    s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 30, 2006

C:\Documents and Settings\arh47\Local Settings\Temp\notes6030C8\~3880259.wpd